Service of the petition and citation on the attorney of the defendant; altho' made before the services of the attorney had

## DANGERFIELD's EXECUTRIX vs. THRUSTON's HEIRS.

APPEAL from the court of the fifth district, the judge of the seventh presiding.

PORTER, J. delivered the opinion of the court. This is an action to obtain from the defendants the amount of a judgment recovered against the executors of their ancestor. The petition sets out the former proceedings, and avers, that the defendants have accepted the succession, and are in possession of the property of the deceased.

The answer denies, that the plaintiff is the executrix of the person who recovered judgment against the ancestor of the defendants—puts at issue the fact of any such judgment having been rendered; and avers, that the heirs and representatives of Henry Dangerfield are indebted to the respondents in the sum of $850.

To establish the fact of the plaintiff being executrix, as she states herself to be in the petition, reference is had to a former proceeding in the court of the first district, where the judgment was rendered. It appears, that the suit was originally brought in the name of Henry Dangerfield, and judgment obtained by him in his lifetime. After his decease, a rule was taken on the defendants to shew cause, why the judgment should not be revived in the name of the executrix, who is the present plaintiff. The court, after hearing the parties, made the rule absolute. It is contended, that this proceeding precludes any enquiry now into the character of the petitioner. That the matter has the authority of the thing judged.

The defendants, not contesting the principle on which the plaintiff relies, nor denying

*West'n. District.*
*Sept'r. 1829.*

DANGERFIELDS
EXECUTRIX
*vs.*
THRUSTON'S
HEIRS.

commenced in the suit, is good and legal, unless the party on the trial denies the authority on oath.

Such attorney may suffer judgment against his client by consent without hearing evidence in the cause, and it will be valid.

An executrix, deriving her authority from a probate court of another state, cannot exercise the character of executrix here, without first having presented the testament to a court of probate in this state.

Where a previous judgment has been obtained in one of the courts of this state by an executrix, residing in another state, and no objection or evidence to the contrary, it will be presumed she was duly qualified.

Where the copy of the record of a suit is intro-

West'n. District.
Sept'r. 1829.

DANGERFIELDS
EXECUTRIX
vs.
THRUSTON'S
HEIRS.

duced, without the judge's signature to the judgment; and another copy of *the judgment* is obtained and filed, with the signature, the record will then be taken as complete and authentic, *especially* where the date, amount, and number of such judgment corresponds with the other parts of the record.

In a case where there was a conditional judgment, that the defendant should have 90 days to procure evidence and establish any set-offs he might have, and no use made of the condition within the time, it is too late for the heirs in a subsequent trial to enquire into this matter.

The daughter, who has received her share of her ancestor's succession, is still an incompetent witness in a suit against the other

its correctness, where the proceedings have been regular, urge, that this case does not fall within its operation, because the defendants were not cited to contest the application. The rule was served on their attorney.

We have not found the decision of the point quite free from difficulty, but our minds have finally settled in the conclusion, that the service was well made, and that the proceedings which were based on it should have the same force, as if the defendants had been cited in person. It is perhaps true, as a general rule, that the authority of the attorney terminates with the judgment, and that the service made on the individual who represented the defendants in the first instance, acquires no additional force from that circumstance. But our law, from necessity, reposes great confidence in the acts of attornies, who are admitted to practice in our courts; and it has been held, by more than one decision in this tribunal, that they would be presumed to act within the limits of their authority, unless the contrary was shewn. This doctrine is, however, necessarily limited to those acts which fall within the range of the duties, which the profession have to discharge. And the question

in this case is, whether the acknowledgment of service by the attorney and his appearance in consequence, and acting on behalf of the defendants, is within the limitation just stated. At first blush it would appear not, and that the agency of the attorney can only commence after the parties are cited. But in point of fact, we believe it to be no uncommon occurrence for persons who expect to be sued, to engage counsel, before the action is commenced; and that the persons, so engaged, have authority from their clients to accept service of the petition. The frequency of the practice induces us to conclude, that it arises from such authority being conferred. And when it is so usual and common, it cannot be held to be an act so out of the scope of professional duty, as to deprive the party who has acted on the faith of it, of the benefit of that presumption of correctness, which the law attaches to the acts of the sworn officers of its courts. In this very case, where an objection is taken against the irregularity of a former proceeding, because service was made on an attorney; we perceive, that an attorney has acknowledged service for all the defendants, and the whole proceedings in this action

West'n. District.
Sept'r. 1829.

DANGERFIELDS
EXECUTRIX
vs.
THRUSTON'S
HEIRS.

heirs of the succession.

The daughter may still be responsible to the other heirs on a final partition, if her share exceeds the disposable portion.

The district court has jurisdiction in a suit against executors *ratione materiæ*, but not *ratione personæ*.

An amendment will be admitted by filing a supplemental petition, even after issue joined, where the first petition sued only the *testamentary heirs*, and the amendment embraced *all* who had sued the instituted heirs to break the will, and prayed judgment against them, if they succeeded.

Persons suing the instituted heirs to set aside the will, thereby become liable to be sued by a creditor of the testator and made to pay the whole

West'n. District.
Sept'r. 1829.

DANGERFIELDS
EXECUTRIX
vs.
THRUSTON'S
HEIRS.

amount of the debt, although no part of the estate come into his hands.

might hereafter be set aside on the same ground. The presumption of due authorisation to the counsel will, we believe, in far the greater number of instances, correspond with the truth. When an exception occurs, the party who has been represented without his consent, or contrary to his wishes, is sufficiently protected by allowing him to deny the authority of the attorney on oath; and on his doing so, requiring from his adversary proof of it.

On the same principle, we think the objection must be overruled, which contested the validity of the original judgment, on the ground of its being entered up by consent of counsel, and not after hearing the evidence.

The next question in the cause relates to the rights of the executrix, who holds her appointment under a will made and opened in the state of Mississippi, to collect a debt due to the succession in Louisiana, without first having presented the testament to a court of probate in this state, and obtaining an order for its execution. This objection we should think well founded, if such a step has not been taken by the plaintiff: but the previous judgment of the court, ordering the suit to be re-

West'n. District.
*Sept'r.* 1829.

DANGERFIELDS
EXECUTRIX
*vs.*
THRUSTON'S
HEIRS.

vived and directing execution to issue in her name, we think settles that question, and precludes any enquiry into it now. Such a judgment could not have been correctly given, without evidence before the court, of the executrix being legally authorised to collect the debts, due in this country to the succession of the original plaintiff. That evidence we must presume was furnished; at all events, no appeal having been taken from the decree of the court, it has acquired in relation to all the matters embraced by it, the authority of *res judicata.*

The plaintiff, to support the allegation in the petition, that judgment had been rendered against the executors of the defendants' ancestor, introduced a copy of the record of the suit against them. In this copy, the judgment does not appear to have been signed. To cure this defect, they then offered a copy of the judgment without the previous proceedings. In this copy, the judgment appears to have the signature of the judge. It is objected, that the transcript of the proceedings does not establish any right in the petitioner, because in it the decree of the court is not final, for want of the judge's name being af-

West'n. District.
Sept'r. 1829.

DANGERFIELDS
EXECUTRIX
vs.
THRUSTON'S
HEIRS.

fixed. That the copy of the judgment which has his signature is not evidence, because it is unaccompanied with the other proceedings: and finally, that the one cannot be used to eke out and support the other.

Admitting the principle, contended for, to be correct as to the necessity of producing all the proceedings in the cause, (on which we express no opinion,) we think, that in this instance, the copy of the judgment may be taken with the transcript of the record. There can be no doubt, that it is of the same suit, as that in which the copy of the whole proceedings was furnished. The language is the same, and in both, the sum which the plaintiff recovered is the same, and in both the judgment is stated to be that which was rendered in suit no. 3448. The non-insertion of the judge's signature to the decree in the transcript, we are bound to believe from the evidence before us, was a clerical error. The omission to insert it in the one instance, may be well accounted for by inadvertence. The placing it to the judgment in the other, if it were not in truth there, could not be explained in the same manner, and could have only arisen from a desire to give a false copy;

which motive, it is neither legal nor charitable to presume, actuated the keeper of the record.

West'n. District.
*Sept'r.* 1829.

DANGERFIELDS
EXECUTRIX
*vs.*
THRUSTON'S
HEIRS.

The judgment rendered in favor of the plaintiff's testator, against the executors of the defendants' ancestor, contained a clause, as follows : "with a stay of execution for ninety days, and with the privilege, at any time within the said ninety days, of establishing by evidence, any offsets which the defendant may have against said claim." This was on the first of April, 1814. No steps appear to have been taken by the defendants to avail themselves of the privilege, contained in the judgment. But, on the application of the present plaintiff to be made a party to the suit in 1817, the order, reviving the suit and directing execution to issue in her name, contains a provision such as that just stated, and again extends to the defendants the privilege of shewing, in the space of ninety days, any credits or set-offs to which they might be entitled.

Of the right thus conferred, the defendants appear to have so far profited, as to take out a commission and obtain testimony ; but it does not appear, that the evidence so procured was ever laid before the court, or acted on

DANGERFIELDS
EXECUTRIX
*vs.*
THRUSTON'S
HEIRS.

within the limitation already stated, or indeed at any subsequent time.

The heirs contend, they may still use it in defence of this action, and their right to do so, has been a subject of much discussion at the bar. We are inclined to the opinion, that it was the duty of the original defendants to produce their proof to the court, to establish the set-offs claimed, within the ninety days, and obtain a credit on the judgment, and that their failure to do so, precludes all enquiry into these matters now. The language of the judgment is peremptory. "Ninety days are allowed, before issuing execution on this judgment, to the defendants to shew and make manifest any credits or set-off which they may be entitled to." The shewing, here spoken of, should have been made to the court, if the parties did not agree. The tribunal, which rendered the judgment, was alone vested with the power to modify it.

But, if this objection could be got over, another, equally formidable, has been made to the introduction of the evidence. One of the depositions was returned into court, mutilated, wanting the first five pages. The other contains the testimony of the daughter of the ori-

ginal defendant, who, though she states her-self to be without interest in the cause, having received her portion in her father's estate, may still be responsible on a final partition, if her share received should have exceeded the disposable portion.

West'n. District.
*Sept'r.* 1829.

DANGERFIELDS
EXECUTRIX
*vs.*
THRUSTON'S
HEIRS.

It has been contended, that the judgment in the suit against the executors was void, from being rendered by the district court. It has been settled in the cases of *Taler vs. Johnson*, vol. 3. 676, and *Foucher vs. Carraby*, vol. 6. 548, that the courts of or-dinary jurisdiction did not want power to decide causes such as this, *ratione materiæ*, but *ratione personæ*. No plea to the juris-diction was filed here, nor has any action of nullity been brought to set the judgment aside, nor appeal taken from it. We, there-fore, must consider it in force. See **3** *Mar.* 676, *vol.* 6. 548, the above cases.

This action was commenced against the testamentary heirs of the late Charles **M.** Thruston. In the petition, they are charged with having taken possession of his property. And judgment is prayed against them, in their individual capacity. The plaintiff, subsequent to the issue joined on this demand, filed a sup-

West'n. District.
*Sept'r.* 1829.

DANGERFIELDS
EXECUTRIX
*vs.*
THRUSTON'S
HEIRS.

plemental petition, in which she averred that several persons, some of them now residents of the state, had commenced an action against the instituted heirs to set aside the will. That the plaintiff was quite uncertain whether they would succeed in this suit or not. That, if they did, they would be responsible as well as the original defendants. She therefore prayed judgment against all, who claimed any interest in the succession.

Opposition was made to this attempt to introduce new parties, but the judge of the fifth district, presiding at the term the application was made, admitted it. And the judge of the seventh, who tried the cause, gave judgment absolutely against all the defendants.

By this judgment, the defendants, last made parties to the suit, are made responsible for the whole amount of the debt due by the succession in their individual capacity, though for aught that appears, their claim to the estate may be rejected, and no property belonging to it come into their hands. The extreme severity of this case, has induced us to examine with considerable strictness, whether it was well founded in law. An examination of the provisions in our code has, however, sa-

West'n. District.
*Sept'r.* 1829.

DANGERFIELDS
EXECUTRIX
*vs.*
THRUSTON'S
HEIRS.

tisfied us of its correctness. By the 904th article, it is provided that, *"the person* called to the succession, does an act, which makes him liable as heir, when, if cited before a court of justice, as heir, for a debt of the deceased, he suffer judgment to be rendered against him in that capacity, without claiming the benefit of an inventory, or renouncing the succession." Neither of these alternatives was resorted to in this instance.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

*Bowen* for the plaintiff, *Brownson* for the defendants.